IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SUMMERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-4272 |
| | § | |
| KENNETH REILLY, DWIGHT | § | |
| CANTRELL, DIANE DOTTAVIO, | § | |
| and THE CITY OF | § | |
| MONTGOMERY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

## CONDITIONAL ORDER

Pending before the Court is Defendant Kenneth Reilly's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or Motion to Dismiss for Plaintiff's Failure to State a Claim (Document No. 5). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

Plaintiff David Summers filed the instant action on December 16, 2005 asserting a single 42 U.S.C. § 1983 claim against Defendants Kenneth Reilly ("Reilly"), Dwight Cantrell ("Cantrell"), Diane Dottavio ("Dottavio") and the City of Montgomery ("Montgomery") under 42 U.S.C. § 1983. It appears Reilly is a part time municipal judge in Montgomery. According to Plaintiff's complaint "[t]his suit arises as a result of the forcible removal under color of law of Plaintiff by off duty police offices (sic) under the instructions of Kenneth Reilly, a part time judge, from the premises of

Endovasc, Inc. in violation of Plaintiff's Constitutional rights." According to the complaint, Reilly "utilized his position as a judge to assist Cantrell and Dottavio in an illegal removal of Plaintiff from his business and restricted his liberty by use of police officers of the city of Montgomery." Plaintiff further provides that

> The motivation for depriving Plaintiff of his constitutional rights was Dottavio and Cantrell (sic) desire to take over Endovasc to the detriment of Plaintiff and its shareholders. Kenneth Reilley, (sic) who acts as a part time judge for the city of Montgomery acted in concert with Dottavio and Cantrell hoping to obtain contracts for legal and consulting fees. As a result of this illegal conduct undertaken under color of law, Plaintiff has been damaged.

Reilly filed the instant motion to dismiss asserting, *inter alia,* Summers fails to state a claim upon which relief can be granted. Summers failed to file a response to the motion.

## STANDARD OF REVIEW

When reviewing a Rule 12(b)(6) motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and accept all facts in the complaint as true. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In addition, a district court must limit itself to the contents of the pleadings, including attachments thereto, to determine whether a claim has been stated. *Id.* The district court may not dismiss a complaint for failure to state a claim "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Collins*, 224 F.3d at 498 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## LAW AND ANALYSIS

Plaintiff asserts a § 1983 claim against Reilly. In his motion to dismiss Reilly asserts that he does not come within the jurisdiction of 42 U.S.C. § 1983, and alternatively, if he was acting in his judicial capacity, he has absolute governmental immunity. To state a cause of action under § 1983, Summers must allege that some person, acting under state law, deprived him of a federal right. *Green v. State Bar of Texas,* 27 F.3d 1083, 1087 (5th Cir. 1994). Generally, judicial immunity provides immunity from suit. *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005) citing *Mireles v. Waco,* 502 U.S. 9, 11 (1991). "[J]udicial immunity can be overcome in two sets of circumstances: (1) 'a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity' and (2) 'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* quoting *Mireles,* 502 U.S. at 11-12. Courts consider four factors in determining whether a judge's actions are judicial in nature including:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around

3

>a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* quoting *Malina v. Gonzalez,* 994 F.2d 1121, 1125 (5th Cir. 1993). These factors are construed broadly in favor of immunity. *Id.*

Here, Plaintiff's complaint fails to include information that could lead to a determination he can overcome judicial immunity. The language of the complaint does not allege that Reilly's actions were taken outside his judicial capacity nor does it allege that the actions were taken in absence of jurisdiction. Moreover, Plaintiff failed to respond to the motion to dismiss. Accordingly, Defendant's motion to dismiss must be granted. *See id.* However, as the Court has previously granted Plaintiff leave to amend his complaint as it pertains to the City of Montgomery, the Court will similarly allow Plaintiff the opportunity to amend his complaint against Reilly to include allegations, if any, that would entitle him to relief. If Plaintiff fails to do so, his claims against Reilly will be dismissed. Accordingly, the Court hereby

ORDERS that Defendant Kenneth Reilly's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or Motion to Dismiss for Plaintiff's Failure to State a Claim (Document No. 5) is CONDITIONALLY GRANTED. The Court further

ORDERS that Plaintiff may file an amended complaint no later than Monday, April 17, 2006. If Plaintiff fails to do so, his claims against Kenneth Reilly will be

dismissed.

SIGNED at Houston, Texas, on this 11th day of April, 2006.

_____/s/ David Hittner_____

DAVID HITTNER

United States District Judge