IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SUMMERS, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4272 |
| | § | |
| KENNETH REILLY, DWIGHT CANTRELL, | § | |
| DIANE DOTTAVIO, AND THE | § | |
| CITY OF MONTGOMERY, | § | |
|     *Defendants*. | § | |

## MEMORANDUM AND ORDER

This dispute is before the court on Defendants' motion for summary judgment (Dkt. 44).[1] Having considered the parties' submissions and arguments at a hearing on May 29, 2007, the court concludes that defendants' motion should be granted.

This court previously denied defendant Reilly's third motion to dismiss[2] because Summers alleged in his second amended complaint (Dkt. 35) that he was arrested by an officer acting under Reilly's direction. The court declined to rule that Summers could not

---

[1] The parties have consented to the jurisdiction of this magistrate court for all purposes, including final judgment. Summers's claims against the City of Montgomery previously have been dismissed (Dkt. 34).

[2] Defendants' Dottavio and Cantrell (now deceased and appearing through his estate) represent that their second motions to dismiss are currently pending before the court. Defendants' motion, at 2. No such motions are on file in this case.

state a claim as a matter of law, deferring for summary judgment resolution of the question of whether Summers was arrested on December 16, 2003.[3]

Defendants have presented several affidavits from witnesses to the events of December 16, 2003. All are consistent in stating that Summers peacefully left the Endovasc, Inc. premises and was not restrained by Reilly or Sgt. Hightower, an off-duty Montgomery County police officer hired by Dottavio and Cantrell. Defendants also present the minutes from the December 16, 2003 board meeting during which a motion was made and adopted removing Summers as President of Endovasc. Subsequent minutes indicate that Summers later resigned his position as a member of the Endovasc board of directors.

In response, Summers relies on the affidavit of Gary Goff,[4] stating that Reilly gained entry into the building by representing that he was present on official Montgomery County business. Summers also relies on his own affidavit, which describes the events of December 16, 2003 very differently than defendants' seven non-party witnesses. Accepting the statements in Summers's and Goff's affidavits as true, they are insufficient to prevent summary judgment.

Under Texas law, the essential elements of a false arrest or imprisonment claim are (1) willful detention; (2) without consent; and (3) without authority of law. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). A detention may be

---

[3]     *See* Dkt. 39.

[4]     Summers previously submitted the Goff Affidavit as Exhibit B to the second amended complaint.

accomplished by violence, threats, or any other means that restrains a person from moving from one place to another. *Id.* at 645. To establish a claim under § 1983, Summers must also show that he was detained in violation of his constitutional due process rights. *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980). "An individual has a federally protected right to be free from unlawful arrest and detention resulting in a significant restraint of liberty and violation of this right may be grounds for suit under 42 U.S.C. § 1983." *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272, 278 (5th Cir. 1992).

In his post-hearing submission, Summers argues that defendants violated his Fourth Amendment right to be free from unreasonable seizure of his person. Summers cites criminal cases analyzing suppression of illegally seized evidence in support of his argument that an arrest can occur without formal booking at a police station. Summers's arguments are not persuasive.

First, Summers's second amended complaint alleges only the First and Fourteenth Amendments, not the Fourth, as the bases for his § 1983 claim.[5] Second, the criminal cases cited by Summers are not factually analogous to this case and provide no support for a finding that being peacefully escorted from a place of business constitutes an unconstitutional restraint of liberty.

In short, Summers presents no evidence that he was illegally detained on December 16, 2003. Summers testified that Sgt. Hightower "did restrain my liberty. He physically

---

[5]   Summers's First Amendment claim has previously been dismissed.

3

approached me. He physically escorted me from the building."[6] A person who is peaceably asked to leave, and then peaceably escorted from, private property by authorized personnel simply has not been detained or arrested in any recognizable sense. Summers attempts to recast what is essentially a dispute over corporate control in constitutional terms. The court has found no case law recognizing a constitutional claim under analogous facts. Summers's affidavit simply does not describe a constitutional violation.[7]

It is therefore ORDERED that defendants' motion (Dkt. 44) is granted and Summers' § 1983 claim based on the Fourteenth Amendment, the only claim remaining in this case, is dismissed with prejudice. The court will issue a separate final judgment.

Signed at Houston, Texas on June 5, 2007.

Stephen Wm Smith
United States Magistrate Judge

---

[6] Affidavit of Summers, Exhibit 1 to plaintiff's response (Dkt. 47), ¶ 9.

[7] The "stigma" Summers alleges he suffered in the eyes of former employees does not rise to a protected liberty interest. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Rosenstein v. City of Dallas*, 876 F.2d 392, 395 n.1 (5th Cir. 1989). Moreover, *Carey v. Piphus*, 435 U.S. 247 (1978), cited by Summers, stands for the proposition that a plaintiff may collect only nominal damages for a violation of procedural due process in the absence of proof of compensatory damages; it does not stand for the proposition that a plaintiff may pursue a procedural due process claim where no recognized constitutional right to due process is at issue.